IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN MCKITRICK,

                      Plaintiff,                    Case No. 3:05 CV 637

        -vs-

                                                  <u>MEMORANDUM  OPINION</u>

ROB JEFFRIES, WARDEN,

                      Defendant.

KATZ, J.

Pending before the Court is the October 31, 2005 Report and Recommendation of the

Magistrate Judge addressing Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. §

2254.  In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §

636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to

which Petitioner objects.

<u>**BACKGROUND**</u>

In the early-morning hours of July 19, 2002, Petitioner made eight unanswered calls to his

former landlord, Ms. Beard, starting at 2:40 a.m. and concluding at 7:38 a.m.  (Doc. No. 10,

Exhibit 3, at 17.)  Shortly thereafter, Ms. Beard heard knocking at her windows and her patio door

and recognized Petitioner through the glass.  Ms. Beard attempted to call the Sheriff's office, but

her phone lines were dead.  She then heard a window shatter, so she grabbed her purse and ran to

her car.  Petitioner grabbed Ms. Beard before she reached her car and attempted to silence her.

Ms. Beard eventually escaped Petitioner's grasp and rang a dinner bell on her property before

Petitioner caught her again.  Petitioner then grabbed Ms. Beard's pursue and rifled through it, but found only a few dollars.  He then demanded that Ms. Beard write him a check for nine hundred dollars.  Ms. Beard wrote Petitioner the check, after which Petitioner returned her car keys and fled.  The Sheriff's office later determined that Ms. Beard's phone lines had been cut, and found wire cutters and crack cocaine in Petitioner's car.

On July 23, 2002, an Ohio grand jury indicted Petitioner on counts of:  (1) Kidnapping, in violation of OHIO REV. CODE § 2905.01(A)(2), and (2) Robbery, in violation of OHIO REV. CODE § 2911.02.  (Doc. No. 10, Exhibit 1.)  Petitioner plead guilty to both counts on January 6, 2003.  (Doc. No. 10, Exhibit 2.)  At his sentencing hearing, Petitioner's counsel made an oral motion to merge the offenses as allied offenses of similar import, relying on OHIO REV. CODE § 2941.25.  (Doc. No. 10, Exhibit 3, at 5-7.)  The trial court denied the motion and sentenced Petitioner to serve consecutive terms of (1) eight years for the kidnapping offense, and (2) four years for the robbery offense.  (Doc. No. 10, Exhibit 4.)

Petitioner, represented by new counsel, appealed the consecutive sentences on the sole basis that they were contrary to Ohio's sentencing scheme, relying on Ohio's sentencing statutes, OHIO REV. CODE §§ 2929.14, 2929.19, and 2929.41, and four Ohio appellate court decisions, only one of which was from the Third Appellate District.  (Doc. No. 10, Exhibit 5.)  Appellate counsel did not argue that kidnapping and robbery were allied offenses of similar import under § 2941.25.  The Third Appellate District Court of Appeals affirmed Petitioner's sentence (Doc. No. 10, Exhibit 8), and Petitioner filed a timely *pro se* request for discretionary appeal with the Ohio Supreme Court, which the Court denied without opinion on January 21, 2004.  (Doc. No. 10, Exhibits 9, 11.)

2

While his appeal was pending before the Ohio Supreme Court, Petitioner filed a timely application to reopen his direct appeal with the appellate court, pursuant to Ohio App. R. 26(B), based on ineffective assistance of appellate counsel.   He argued that his counsel had been ineffective because she had (1) "filed her brief without first consulting [him] with regards as to what issues would be pursued on appeal"; and (2) failed to argue that kidnapping and robbery were allied offenses of similar import.  (Doc. No. 10, Exhibit 12.)  The appellate court denied the application and the Ohio Supreme Court denied review.  (Doc. No. 10, Exhibits 13, 16.)

Petitioner then filed a timely Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on the grounds that: (1) the consecutive sentences were contrary to Ohio's sentencing law; (2) he was denied effective assistance of appellate counsel; and (3) the consecutive sentences violated his Fifth and Fourteenth Amendment rights.  (Doc. No. 1.)  The petition was referred to the Magistrate Judge, who issued her Report and Recommendation that this Court deny Petitioner's Writ on three grounds: (1) that the double jeopardy claim is procedurally barred because Petitioner failed to raise it on direct appeal and he has not demonstrated cause and prejudice to excuse the procedural bar; (2) that the challenge on the basis of Ohio sentencing law is not cognizable in federal habeas proceedings; and (3) that the ineffective assistance of counsel claim is meritless.  This matter is now before this Court on Petitioner's objections to the Magistrate's Report and Recommendation.  (Doc. No. 13.)

### PETITIONER'S OBJECTIONS

Petitioner objects to each of the Magistrate's findings.  This Court agrees with Petitioner that he did not procedurally default his double jeopardy claim because he raised a substantially equivalent claim in the Ohio Supreme Court, or, alternatively, that ineffective assistance of

appellate counsel is cause and prejudice to excuse the procedural bar.  This Court also agrees that Petitioner has established a substantive claim of ineffective assistance of appellate counsel, but finds that the Magistrate correctly concluded that Petitioner's Ohio law claim is not appropriate for federal habeas review.

    A.      PROCEDURAL DEFAULT OF PETITIONER'S DOUBLE JEOPARDY CLAIM

Petitioner objects to the Magistrate's finding that he procedurally defaulted his double jeopardy claim, on two grounds: (1) that he did present all claims to the Ohio courts; or in the alternative, (2) that ineffective assistance of counsel is cause and prejudice to excuse the procedural bar.

There are two prerequisites for this Court to consider the merits of Petitioner's double jeopardy claim.  First, Petitioner must have satisfied the procedural requirements for habeas review under 28 U.S.C. § 2254(b)(1)(A), by "fairly present[ing] to the state courts either the substance or substantial equivalent of the federal claim that he is presenting to a federal habeas court."  *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004).  Second, the last state court decision on the issue must "fairly appear to rest primarily on federal law or to be interwoven with such law."  *Coleman v. Thompson*, 501 U.S. 722, 740 (1991).  Thus, a Petitioner procedurally defaults his claim if: (1) he fails to present it to the state court; or (2) the state court dismisses the claim on an adequate and independent state procedural ground.  *See id.* at 729-30.  A Petitioner may overcome a procedural default if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law."  *Id.* at 750.

This Court agrees with Petitioner that he has met the procedural requirements for federal review of his double jeopardy claim, because he fairly presented the substantial equivalent of his

4

claim to the state courts, and the Ohio Supreme Court denied it on its constitutional merits.  In the alternative, this Court finds that ineffective assistance of counsel is cause and prejudice to excuse any procedural bar.

    1.   **Petitioner's Allied Offenses Argument is the Substantial Equivalent of His Double Jeopardy Claim**

The crux of Petitioner's double jeopardy claim is that the state cannot sentence him to consecutive terms for kidnapping and robbery because they are allied offenses of similar import. In state court, Petitioner argued that the consecutive sentences violated Ohio's multiple count statute, OHIO REV. CODE § 2941.25.  In his habeas petition, he argues that the sentences violate the Double Jeopardy Clause.  Respondent argues, and the Magistrate agrees, that these arguments are distinct; Petitioner insists that they are not.  This Court agrees with Petitioner that the allied offenses argument he raised in state court is the substantial equivalent of his current double jeopardy claim.

To determine whether Petitioner's allied offenses claim is the "substance or substantial equivalent" of his double jeopardy claim, this Court must consider whether he: (1) presented the claim with sufficient particularity to allege a denial of his double jeopardy rights; (2) relied on federal or state law that analyzed the double jeopardy issue; or (3) alleged "facts well within the mainstream of [double jeopardy] law." *Hicks*, 377 F.3d at 553 (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  Thus, Petitioner's argument that his sentence violates OHIO REV. CODE § 2941.25 is the substantial equivalent if such claims are analyzed under the same facts and case law as violations of the Double Jeopardy Clause.

In *Albernaz v. United States*, 450 U.S. 333, 344 (1981), the United States Supreme Court held "the question of what punishments are constitutionally permissible [under the Double

Jeopardy Clause] is not different from the question of what punishments the Legislative Branch intended to be imposed." *Id.*  The Ohio Legislature addressed cumulative punishments for offenses arising out of a single course of conduct in its multiple count statute, OHIO REV. CODE § 2941.25.  Subsection (A) of the statute expressly prohibits cumulative convictions or punishments for "allied offenses of similar import."  Subsection (B) expressly permits cumulative convictions or punishments for offenses of *dissimilar* import or those committed separately or with separate animus.

In *State v. Rance*, 701 N.E.2d 699 (Ohio 1999), the Ohio Supreme Court considered the precise issue Petitioner raises, which is "whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional protections against double jeopardy."  *Id.* at 639.  The Court, relying on *Albernaz*, stated:

> [OHIO REV. CODE] § 2941.25's two-step test answers the constitutional and state statutory inquiries.  The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct.  The sole question is, then, one of statutory construction: are the offenses at issue those certain offenses for which the General Assembly has approved multiple convictions pursuant to [OHIO REV. CODE] § 2941.25?

*Id.*  Since the Ohio Supreme Court explicitly framed the double jeopardy inquiry in terms of OHIO REV. CODE § 2941.25, this Court finds that Petitioner's argument that his sentences violate the statute is the substantial equivalent of his argument that his sentences violate the Double Jeopardy Clause.

Having found that Petitioner's allied offenses argument can satisfy the procedural requirements under 28 U.S.C. § 2254(b)(1)(A) for federal review of his double jeopardy claim, this Court now turns to the question of whether the claim is procedurally barred.

6

2. **Petitioner's Procedural Default**

The procedural analysis of Petitioner's claims in state court is somewhat complex.  Fair presentation of a claim to the state courts under 28 U.S.C. § 2254(b)(1)(A) means "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  There is a dispute in this case as to whether Petitioner raised the allied offenses argument in his initial appeal to the Ohio appellate court.  Failure to raise the issue on appeal constitutes a procedural default under Ohio law.  *See Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (citing *Smith v. Anderson*, 104 F. Supp. 2d 773, 794 (S.D. Ohio 2000) (stating that "[t]he failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under Ohio's doctrine of res judicata")).  State procedural bars are adequate and independent state grounds to bar federal review of a habeas claim, but only if it is clear from the record that the state enforced the procedural default.  *Harris v. Reed*, 489 U.S. 255, 261 (1989). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (stating that "[s]tate procedural bars are not immortal . . . they may expire because of later actions by state courts").  Therefore, to determine whether Petitioner procedurally defaulted his claim in state court, this Court must consider whether: (1) Petitioner raised the allied offenses issue in his initial appeal; if not (2) whether he properly presented the issue in a subsequent proceeding; and if so (3) whether the state courts lifted the procedural bar by addressing its merits. Although this Court finds that Petitioner failed to raise the issue in his initial appeal, it answers the latter two questions in the affirmative, and therefore finds that Petitioner did not procedurally default his double jeopardy claim.

(a) Petitioner's Failure to Raise the Issue in His Initial Appeal

7

Respondent argues, and the Magistrate agrees, that Petitioner's appellate counsel raised the allied offenses argument in his initial appeal to the appellate court, and that the court found the argument to be without merit.  Petitioner argues that "Appellate counsel was clearly not arguing 'allied offenses' at all.  To read [Appellate counsel's brief] any other way is ridiculous."  (Doc. No. 11, at 9.)  This Court agrees with Petitioner that his counsel failed to raise the issue, and disagrees with Respondent and the Magistrate that the appellate court addressed it.

In Petitioner's direct appeal to the Third Appellate District Court of Appeals, his appellate counsel's sole assignment of error was that the imposition of consecutive sentences was "contrary to [Ohio] law."  Counsel based this argument on the fact that the trial court failed to make the statutorily mandated findings for the sentence it imposed, and because the record did not support it.  (Doc. No. 10, Exhibit 5.)  Ohio law requires a trial court to make findings on the record before it can impose nonminimum, consecutive, or maximum sentences.  OHIO REV. CODE §§ 2929.14 (B)-(C) & (E)(4), and 2929.19(B)(2).  Appellate counsel argued that the trial court failed to meet those requirements on the bases that: (1) the 12-year combined sentence exceeds the statutory maximum for each offense; and (2) the trial court failed to "separately address offenses that arise from a single incident when giving reasons for its sentence."  (Doc. No. 10, Exhibits 5, 7.)  These arguments do not relate to the Double Jeopardy Clause, but rather involve an interpretation of Ohio's sentencing statutes that the appellate court found unpersuasive.  *State v. McKitrick*, 2003 Ohio 5126, ¶ 15 (Ohio Ct. App. 2003).

There is no reasonable reading of appellate counsel's argument that implicates the allied offenses or double jeopardy argument.  Neither counsel's brief nor the court's opinion referenced OHIO REV. CODE § 2941.25, the Fifth Amendment, *Rance*, or the Double Jeopardy Clause.

8

Appellate counsel mentioned that the trial court "declined to find that [the kidnapping and robbery] charges merge as allied offenses" *only* to support her argument that the court failed to make the requisite findings as to *each* offense. (Doc. No. 10, Exhibit 5.) The appellate court's response makes it clear that the error counsel alleged was that the trial court *did* treat the offenses as one, not that it should have:

> McKitrick also makes a side argument unrelated to the assigned error alleging that *the trial court treated robbery and kidnapping as one offense for sentencing. We disagree.* The trial court found that the offense [sic] were not allied and spoke extensively about the facts of this case which support both robbery and kidnapping. Furthermore, the trial court also specifically addressed counts 1 and 2 at the sentencing hearing.

*McKitrick*, 2003 Ohio 5126, ¶ 10, n.1 (emphasis added). Even if this Court was to infer that the appellate court agreed with the trial court's finding that the offenses were not allied, it simply cannot find that appellate counsel properly raised the argument or that the court directly addressed it.

Therefore, this Court concludes that Petitioner failed to raise the argument in his initial appeal. Thus, this Court must now consider whether Petitioner raised the allied offenses or double jeopardy argument in a subsequent proceeding, and if so, whether the state waived its procedural bar.

(b) The Allied Offenses Argument in Petitioner's Subsequent Appeals

Petitioner concedes that he failed to raise the issue in his initial appeal, but argues that he "did in fact present [the claim] to all Ohio Courts [sic]," citing his request for discretionary appeal to the Ohio Supreme Court and his Rule 26(B) application to reopen his direct appeal. (Doc. No. 13.) A state-law procedural default bars federal habeas review unless "the last state court to be presented with [the] particular federal claim reaches the merits." *Ylst*, 501 U.S. at 801. Petitioner

9

raised the allied offenses argument in both of his requests for discretionary appeal with the Ohio Supreme Court (Doc. No. 10, Exhibits 9 & 14), and the Court denied both without opinion. (Doc. No. 10, Exhibits 11 & 16.) Therefore, this Court must consider whether the Ohio Supreme Court's decisions rested on the claim's procedural bar or its merits.

When evaluating an unexplained order, courts must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst*, 501 U.S. at 803. Petitioner filed a timely Rule 26(B) application to reopen his direct appeal for ineffective assistance of appellate counsel on the ground that counsel failed to argue that kidnapping and robbery were allied offenses of similar import. (Doc. No. 10, Exhibit 12.) The appellate court denied the application on the grounds that: (1) Petitioner failed to show that he was denied effective assistance of appellate counsel; (2) appellate counsel did "object[] to treating robbery and kidnapping separately for purpose [sic] of sentences"; and (3) "this court has found that the offenses of robbery and kidnapping are not allied offenses of similar import." (Doc. No. 10, Exhibit 13.) Thus, the appellate court based its decision on the merits of Petitioner's claim.

Petitioner then filed a timely request for discretionary appeal with the Ohio Supreme Court, stating two federal claims: (1) that his consecutive sentences violate his rights under the Fifth and Fourteenth Amendments; and (2) that counsel was ineffective for not raising such arguments on appeal.[1] (Doc. No. 10, Exhibit 14.) The State's response argued the merits of both

---

[1]

Petitioner's sole proposition of law was that his sentences violate the Fifth and Fourteenth Amendments of the Constitution, not that his counsel was constitutionally defective. Nevertheless, since Petitioner filed the brief *pro se* and his argument extensively addressed both issues, this Court has construed the argument liberally and found that he adequately raised each.

claims.  (Doc. No. 10, Exhibit 15.)  The Ohio Supreme Court denied review of Petitioner's case, stating only that it did "not involv[e] any substantial constitutional question."  (Doc. No. 10, Exhibit 16.)  Because the appellate court did not find, and the state did not argue, that Petitioner had procedurally defaulted his allied offenses claim, there is no basis for this Court to find that the Ohio Supreme Court's decision rested on a procedural bar.  Instead, this Court finds that by remaining silent, the Ohio Supreme Court addressed the merits of Petitioner's claim.  *See Ylst*, 501 U.S. at 804 (stating that "[t]he maxim is that silence implies consent, not the opposite").

This Court concludes that the state waived its procedural bar by addressing Petitioner's allied offenses argument on its merits, and therefore the claim is appropriate for federal review.  In the alternative, it finds that Petitioner has cause and prejudice to excuse any procedural bar because he received ineffective assistance of appellate counsel.

### 3.  **Ineffective Assistance of Appellate Counsel as Cause and Prejudice to Excuse Petitioner's Procedural Bar**

Ineffective assistance of counsel can constitute cause and prejudice to excuse a procedural default, *Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006), but only if it first succeeds as an independent constitutional claim, *see Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).  As with Petitioner's double jeopardy claim, the Court must first consider whether Petitioner complied with the procedural requirements for federal review of his ineffective assistance of counsel claim before proceeding to its merits.

### (a) Procedural Requirements

---

*See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (holding that "[t]he pleadings of *pro se* petitioners are held to less stringent standards than those prepared by attorneys").

This Court finds that Petitioner has properly exhausted the state court remedies for his ineffective assistance of counsel claim under 28 U.S.C. § 2254(b)(1)(A).  Ohio Appellate Rule 26(B) permits a defendant to file an application to reopen his or her appeal based on ineffective assistance of appellate counsel within 90 days from the appellate judgment.  The Third Appellate District Court of Appeals affirmed Petitioner's sentence on September 29, 2003.  *State v. McKitrick*, 2003 Ohio 5126 (Ohio Ct. App. 2003).  Petitioner filed a motion to reopen his appeal on the ground that he was denied effective assistance of appellate counsel on November 25, 2003, well within the rule's 90-day time limit.  (Doc. No. 10, Exhibit 12.)  The appellate court denied his application on January 22, 2004.  Petitioner then filed a timely request for discretionary appeal with the Ohio Supreme Court on February 4, 2004 (Doc No. 10, Exhibit 14), which the Court denied on April 28, 2004.  (Doc. No. 10, Exhibit 16.)  Since Petitioner properly presented his ineffective assistance of counsel claim to the Ohio courts and exhausted their procedures for relief, this Court can consider its merits.

(b) <u>The Merits of Petitioner's Ineffective Assistance of Counsel Claim</u>

Indigent defendants have a constitutional right to appellate counsel under the Sixth Amendment.  *Franklin*, 434 F.3d at 428.  To succeed on an ineffective assistance of counsel claim, Petitioner must show "(1) that counsel's representation 'fell below an objective standard of reasonableness' . . . and (2) that counsel's deficient performance prejudiced [him]."  *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  The Magistrate found Petitioner's ineffective assistance of appellate counsel argument meritless because: (1) he failed to demonstrate prejudice, and, in the alternative, (2) that appellate counsel did present to the appellate court the trial court's failure to merge the kidnapping

12

and robbery offenses and the court found the argument without merit.  Petitioner objected to both findings.  (Doc. No. 13.)  For the reasons stated in Section A(2)(a), this Court disagrees with the Magistrate's finding that appellate counsel raised the allied offenses argument in Petitioner's initial appeal.  For the reasons that follow, this Court finds that Petitioner was denied effective assistance of appellate counsel.

(i)  *The Strickland Standard for Ineffective Assistance of Counsel*

When courts review claims of ineffective assistance of counsel, "[t]here is a strong presumption that the attorney's performance 'falls within the wide range of reasonable professional assistance.'"  *Barnes v. Elo*, 339 F.3d 496, 502 (6th Cir. 2003), citing *Strickland*, 466 U.S. at 694.  The Constitution "does not ensure that defense counsel will recognize and raise every conceivable constitutional claim."  *Engle v. Isaac*, 456 U.S. 107, 134 (1982).  In *Franklin*, the Sixth Circuit Court of Appeals listed several factors to evaluate whether appellate counsel's performance may be constitutionally defective:

1. Were the omitted issues 'significant and obvious'?
2. Was there arguably contrary authority on the omitted issues?
3. Were the omitted issues clearly stronger than those presented?
4. Were the omitted issues objected to at trial?
5. Were the trial court's rulings subject to deference on appeal?
6. Did appellate counsel testify in a collateral proceeding as to [her] appellate strategy and, if so, were the justifications reasonable?
7. What was appellate counsel's level of experience and expertise?
8. Did the petitioner and appellate counsel meet and go over possible issues?
9. Is there evidence that counsel reviewed all the facts?
10. Were the omitted issues dealt with in other assignments of error?
11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

434 F.3d at 429.  Petitioner stated in his rule 26(B) application to reopen his direct appeal that counsel failed to consult with him before filing her appeal.  However, since there was no

13

evidentiary hearing in this case, Petitioner's appellate counsel has not had an opportunity to respond.  Nevertheless, this Court finds that the remaining factors are sufficient to conclude that Petitioner's appellate counsel was constitutionally defective.

### (ii) *Counsel's Deficient Performance*

The sole assignment of error counsel raised on appeal was that the sentences failed to comply with Ohio sentencing law—an argument that had little support in Ohio case law.  (Doc. No. 10, Exhibit 5.)  Because the allied offenses argument was: (1) significant and obvious; (2) objected to at trial; (3) supported by binding, Ohio Supreme Court precedent; (4) clearly stronger than appellate counsel's argument; and (5) not raised in any other assignment of error, this Court finds that appellate counsel's decision not to raise the issue on appeal was an unreasonable one that only an incompetent attorney would adopt, and therefore her performance fell below an objective standard of reasonableness.

The sole motion of Petitioner's trial counsel at his sentencing hearing was that kidnapping and robbery were allied offenses of similar import, making it the most significant and obvious issue for appeal.  (Doc. No. 10, Exhibit 3, at 5.)  The State opposed the motion citing the authority of *State v. Rance*, 701 N.E.2d 699 (Ohio 1999), in which the Ohio Supreme Court set forth a two prong test for determining when separate punishments for two offenses arising out of a single act, under OHIO REV. CODE § 2941.25, would violate the Double Jeopardy Clause.  The *Rance* test requires the court to:

> [A]ssess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes 'correspond to such a degree that the commission of one crime will result in the commission of the other' . . . [If so,] the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus.

14

*Rance*, 701 N.E.2d at 705.  The State also cited the Third Appellate District's application of *Rance* to the offenses of kidnapping and robbery in *State v. Pack*, 2000 Ohio 1792, at 9 (Ohio Ct. App. 2001), in which the appellate court found that kidnapping and robbery are not allied offenses of similar import because there is not "sufficient similarity between the elements of the two crimes" under the first prong of the *Rance* test.  (Doc. No. 10, Exhibit 3 at 12.)  Though the trial court in this case found that "the second step of the analysis [regarding a separate animus] makes a stronger case for [Petitioner]," it denied trial counsel's motion because it found that *Pack* "precludes the Court from taking the second step and undertaking that separate analysis."  (Doc. No. 10, Exhibit 3, at 13.)  Trial counsel admitted that he had not read either case.  (Doc. No. 10, Exhibit 3, at 12.)

Trial counsel's ignorance of the relevant case law made it clear that he had not adequately researched the allied nature of kidnapping and robbery.  Had appellate counsel done so, she would have discovered *State v. Fears*, 715 N.E.2d 136 (Ohio 1999), decided after *Rance*, in which the Ohio Supreme Court held that "implicit within every robbery (and aggravated robbery) is a kidnapping.  Therefore, a kidnapping specification merges with an aggravated robbery specification unless the offenses were committed with a separate animus."  *Id.* at 151.  The Court based this holding on its earlier decision in *State v. Logan*, 397 N.E.2d 1345 (Ohio 1979), in which it held:

> Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, a priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime. For example, when a person commits the crime of robbery, he must, by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery. Under our statutes, he simultaneously commits the offense of kidnapping ( [OHIO REV. CODE §] 2905.01 [A] [2]) by forcibly restraining the victim to facilitate the commission of a felony. In that instance,

15

> without more, there exists a single animus, and [OHIO REV. CODE §] 2941.25
> prohibits convictions for both offenses.

*Id.* at 1349-50.  This language, reaffirmed in *Fears*, is directly on point with Petitioner's case.  It is also inconsistent with the cases on which the trial court relied in issuing Petitioner's sentence, *Rance* and *Pack*.  In this case, *Fears* controls.

Several Ohio appellate court decisions involving the application of OHIO REV. CODE § 2941.25 to the offenses of kidnapping and robbery have recognized the discord between *Fears* and *Rance*.  These courts have correctly applied *Fears* because its holding is more recent and specific to the crimes of kidnapping and robbery.  In *State v. Grant*, No. C-971001, 2001 Ohio App. LEXIS 1388, at *16-17 (Ohio Ct. App. Mar. 23, 2001), the First Appellate District found that the offenses of kidnapping and aggravated robbery were allied offenses of similar import because there was "no showing of a prolonged restraint, significant asportation, or secret confinement of the victims" for the court to find a separate animus.  The court's analysis of whether *Rance* or *Fears* controlled its decision is particularly useful in the present case:

> Thus, while we question what happened in *Fears* to the two-step analysis set forth
> in *State v. Rance*, especially a comparison of elements of the offenses in the
> abstract, we are constrained by the court's analysis, which was based on facts
> identical to the ones in this case.  It seems that the court has implicitly overruled
> *Rance*.  Because *Fears* was decided after *Rance*, we must follow the later holding.

*Id.  See also State v. Wheat*, 2005 Ohio 6958, at ¶¶ 24-26 (Ohio Ct. App. 2005) (noting that aggravated robbery and kidnapping are not allied offenses of similar import under *Rance*, but applying *Fears* in finding that the defendant's "kidnapping convictions and the aggravated robbery convictions should have merged"); *State v. Barnette*, 2004 Ohio 7211, at ¶ 75 (Ohio Ct. App. 2004) (citing *Fears* for the proposition that "[i]t is axiomatic in Ohio that a kidnapping charge arising out of a robbery merges with that robbery charge unless there is a separate animus

16

for the kidnapping"); and *State v. Savage*, 2002 Ohio 6837, at ¶ 45 (Ohio Ct. App. 2002) (stating that "under *Fears* and *Jenkins* defendant did not act with a separate animus when he restrained [the victim's] liberty during the course of the aggravated robbery [therefore,] the kidnapping conviction [] was impermissibly cumulative").[2]

As these opinions show, the application (by the court in *Pack* and by the trial court in this case) of *Rance* to the crimes of kidnapping and robbery, without regard for *Fears*, was improper. *Fears* requires the court to find a separate animus before it can impose cumulative punishments for kidnapping and robbery.  *Fears*, 715 N.E.2d at 151.  The facts that would support such a finding are prolonged restraint, secret confinement, or substantial movement.  *Id.*  As the trial court suggested, Petitioner had a strong argument that his offenses were not committed with a separate animus.  Accordingly, there can be no strategic decision for counsel's failure to raise the issue on appeal.

Having found that counsel's performance was constitutionally deficient under the first prong of the *Strickland* test, this Court also finds that counsel's deficient performance prejudiced the Petitioner.  There is no question that Ohio Supreme Court precedent binds the Third Appellate District Court of Appeals.  Therefore, had appellate counsel cited *Fears*, there is a reasonable probability that the outcome of Petitioner's sentencing would have been different.  Thus, the Court

---

[2]

Though some of these cases involved merger of capital specifications and other involved merger of the offenses, the analysis is the same.  *Grant*, 2001 Ohio App. LEXIS at *17 ("[a]lthough Fear's claim involved the failure to merge specification, as opposed to the primary offenses, the difference seems to be immaterial to the analysis employed); *State v. Yarborough*, 767 N.E.2d 216, at ¶ 124 (Ohio 2002) (holding that "[t]he analysis used to determine whether two aggravating circumstances merge is the same as that used to determine whether the two offenses are allied offenses of similar import").

17

finds that Petitioner's appellate counsel was constitutionally defective under the *Strickland*

standard, which is both cause and prejudice to excuse any procedural default in this case.

Since this Court has concluded that Petitioner's double jeopardy claim is not procedurally

defaulted, and thus, appropriate for federal review, the Court now addresses its merits.

B.      THE MERITS OF PETITIONER'S DOUBLE JEOPARDY CLAIM

The Magistrate found that Petitioner procedurally defaulted his double jeopardy claim, and

therefore did not address its merits.  After reviewing federal and state double jeopardy precedent

as they apply to this case, this Court finds Petitioner's double jeopardy claim has merit because his

consecutive sentences are contrary to clearly established federal law.

1.  **Standard of Review in Federal Habeas Claims**

The amendments to 28 U.S.C. § 2254 under the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA") govern federal habeas review of a state court judgment.  *Barnes*, 339

F.3d at 501.  Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the State
>> court proceeding.

Accordingly, this Court must give deference to the state court's judgment and cannot overturn it

simply because its disagrees with the result.  *Barnes*, 339 F.3d at 501.

18

There is no dispute as to the factual determinations in the state court proceedings, therefore this Court must analyze Petitioner's claim under the first prong of the AEDPA's test. In *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), the Sixth Circuit held that:

> A state court's legal decision is 'contrary to' clearly established federal law under § 2254(d)(1) if the state court arrived at the conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than a Supreme Court decision on a set of materially indistinguishable facts. . . . An 'unreasonable application' occurs when the state court identified the correct legal principle from the Supreme Court but unreasonably applied that principle to the facts of the case before it.

*Id.* at 342, citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). In Petitioner's case, the trial court was the only state court to analyze whether Petitioner's kidnapping and robbery offenses were the same offense for double jeopardy purposes. Thus, this Court must first look at the Supreme Court's double jeopardy jurisprudence, then consider whether the trial court's decision was "contrary to" or involved an "unreasonable application of" that precedent.

2. **The Constitutional Protections Against Double Jeopardy**

The Fifth Amendment's Double Jeopardy Clause protects against multiple prosecutions or punishments for the same offense. *Costo v. United States*, 904 F.2d 344, 346 (6th Cir. 1990) citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). In *Missouri v. Hunter*, the Supreme Court held that "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. 359, 365 (1983). In *Blockburger v. United States*, the Supreme Court established a test to determine whether two statutes proscribe the same conduct, under the assumption that "[the legislature] *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the

19

'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*" *Id.* at 366, citing *Whalen v. United States*, 445 U.S. 684, 691-92 (1980) (emphasis in the original). Thus, to determine whether Petitioner's consecutive sentences for kidnapping and robbery violate the Double Jeopardy Clause, this Court must consider whether the Ohio legislature intended to impose cumulative punishments for the offenses.

      3.  **Analysis of the Petitioner's Consecutive Sentences under Ohio Law**

In determining state legislative intent, federal courts are "bound to accept the [State] court's construction of that State's statutes." *Missouri*, 459 U.S. at 368; *see also Whalen*, 445 U.S. at 687-88. In *State v. Rance*, the Ohio Supreme Court construed Ohio's multiple-count statute, OHIO REV. CODE § 2941.25, and held that "where a legislature expresses its intent to permit cumulative punishments for [two] crimes, the *Blockburger* test must yield." 710 N.E.2d at 702, citing *Albernaz v. United States*, 450 U.S. 333 (1981). The Court then concluded that under § 2941.25 the Ohio legislature expressed its intent to impose cumulative punishments for offenses that were (a) of dissimilar import; or (b) committed separately or with separate animus. *Id.* at 636. Then in *Fears*, the Ohio Supreme Court concluded that kidnapping and robbery were crimes of similar import, and therefore courts could not punish them separately absent a finding of separate animus. 715 N.E.2d at 151.

Under the Ohio Supreme Court's explicit holding in *Fears*, the Ohio legislature intended to impose cumulative punishments for kidnapping and robbery under OHIO REV. CODE § 2941.25(B) *only* if the crimes were committed with a separate animus. In this case, as stated in Section A(2)(b)(ii), the trial court (1) erroneously found that Petitioner's offenses were of dissimilar

20

import under § 2941.25(A), and (2) failed to find that his offenses were committed with a separate animus. *See* (Doc. No. 10, Exhibit 3, at 13). Thus, the trial court's imposition of consecutive sentences was contrary to the intent of the Ohio legislature and therefore contrary to the constitutional protections against double jeopardy as stated by the Supreme Court in *Whalen*, *Missouri*, and *Albernaz*. Accordingly, this Court finds that Petitioner's consecutive sentences violate his double jeopardy rights.[3]

C.      THE VALIDITY OF PETITIONER'S SENTENCES UNDER OHIO LAW

Petitioner next objects to the Magistrate's finding that the validity of his sentences under Ohio's statutory scheme is not cognizable in federal court. Petitioner argues that the sentence is clearly "plain error" and violates the Supreme Court's *Blakely* jurisprudence. Petitioner's attempt to couch the argument in terms of federal law is untimely and meritless. As the Magistrate concluded, this claim is not appropriate to habeas review.

Federal courts cannot provide habeas relief for perceived errors of state law. *See Bradshaw v. Richey*, 126 S. Ct. 602, 604 (2004). "[I]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treatises of the United States." *Johnson v. Karnes*, 198 F.3d 589, 593 (6th Cir. 1999) citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In his initial appeal, Petitioner argued that his sentence was contrary to Ohio law. The Third Appellate District affirmed his sentence, *State v. McKitrick*, 2003 Ohio 5126 (Ohio Ct. App. 2003), and the Ohio Supreme Court denied review. *State v. McKitrick*, 802 N.E.2d 154 (Ohio 2004). Their judgments are final and not subject to federal review.

---

[3] Of course, on resentencing, the trial court may find Petitioner committed the two crimes with separate animus, thereby justifying consecutive sentences.

Petitioner also now contends that his sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  That argument fails for two reasons: First, because Petitioner procedurally defaulted the claim by failing to raise it in state court, and second, because *Blakely* does not apply retroactively to a habeas petition.  *See Spiridigliozzi v. United States*, 117 Fed. App'x. 385, 394 (6th Cir. 2004).  The Ohio Supreme Court denied review of Petitioner's direct appeal on January 21, 2004, and his application to reopen his appeal on April 28, 2004.  The Supreme Court decided *Blakely* two months later, on June 24, 2004.

Accordingly, Petitioner's argument that the trial court's imposition of consecutive sentences violates Ohio's statutory sentencing scheme is dismissed as not appropriate for habeas review.

D.      INEFFECTIVE ASSISTANCE OF COUNSEL

In addition to Petitioner's claim that ineffective assistance of counsel is cause and prejudice to excuse any procedural default, he also asserts it as a separate substantive claim.  The Magistrate found that the claim lacks merit.  Petitioner objects to the Magistrate's finding for the reasons stated in his Response:  that his appellate counsel failed to raised the allied nature of his kidnapping and robbery offenses on appeal.  (Doc. Nos. 13 and 11, at 9.)

Petitioner raised his ineffective assistance of counsel claim in state court via an Ohio App.R. 26(B) application to reopen his direct appeal.  The appellate court identified *Strickland* as the standard for analyzing Petitioner's claim and found that: (1) appellate counsel did "object[] to treating robbery and kidnapping separately for the purposes of sentencing"; and (2) "this court has found that robbery and kidnapping are not allied offenses of similar import under [Ohio Rev. Code §] 2941.25."  (Doc. No. 10, Exhibit 13.)  This Court has already determined that these conclusions

22

are erroneous.  *See* Sections A(2)(a) and A(3)(b)(ii), *supra*.  When a state court analyzes the issue under a faulty premise, federal courts review ineffective assistance of counsel claims *de novo* since there is no foundation to which the court can defer.  *See Barnes*, 339 F.3d at 501, citing *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).  Therefore, for the reasons stated in section A(3) above, this Court finds that Petitioner has established that he was denied ineffective assistance of appellate counsel under *Strickland*.

### CONCLUSION

For the reasons discussed herein, this Court conditionally grants Petitioner's writ with respect to his double jeopardy and ineffective assistance of counsel claims, and orders that Petitioner be released from prison unless the Hancock County, Ohio, Court of Common Pleas resentences him within ninety days of the entry of this Order.  *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 1250 (2005) (Scalia, J., concurring) (stating that "a prisoner who shows that his sentencing was unconstitutional is actually entitled to release, because the judgment pursuant to which he is confined has been invalidated; the conditional writ serves only to 'delay the release . . . in order to provide the State with an opportunity to correct the constitutional violation'") (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)).

Respondent is ordered to serve a copy of this opinion upon Judge Reginald J. Routson of the Hancock County Court of Common Pleas.

IT IS SO ORDERED.

    *s/ David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE