IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN MCKITRICK,

                Petitioner,            Case No. 3:05 CV 637

  -vs-

                                        O R D E R

ROB JEFFRIES, WARDEN,

                Respondent.

KATZ, J.

This matter is before the Court on Petitioner's motion for an order sustaining the writ, filed on January 4, 2007 and the Respondent's opposition thereto.

On May 10, 2006, this Court conditionally granted the Petitioner's writ as noted in Doc. Nos. 14 and 15. Thereafter on August 21, 2006, Petitioner filed a motion for relief from judgment, which was opposed by the Respondent and denied by the Court on August 28, 2006. (Doc. No. 18.)

Subsequently, on September 25, 2006, Petitioner filed his notice of appeal regarding the denial of his motion for relief. (Doc. No. 24.) On September 29, 2006, Petitioner's application for a certificate of appealability was granted and this Court further determined that an appeal from the decision was taken in good faith under 28 U.S.C. § 1915(a)(3). (Doc. No. 23.)

After having been granted an extension of time to file his notice of appeal, Petitioner filed a second notice of appeal with the Sixth Circuit on October 25, 2006. (Doc. No. 27.) The Sixth Circuit acknowledged both appeals on December 5, 2006. (Doc. Nos. 28 and 29.) Thereafter, on

January 4, 2007, Petitioner filed the instant motion requesting this Court sustain the writ. (Doc. No. 30.)

A timely notice of appeal generally divests a district court of jurisdiction as it is transferred to the court of appeals. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). Although there are exceptions to this rule, as contained in Fed. R. App. P. 4(A)(4), the district court may only maintain the status quo or take steps which aid in the appeal. The district court cannot take measures which would "alter the status of the case as it rests before the circuit court." *Dayton Indep. Sch. Dist. v. United States Mineral Prods. Co.,* 906 F.2d 1059, 1063-64 (5th Cir. 1990) (citation omitted).

To grant Petitioner's motion would be for the district court to usurp the jurisdiction which presently lies with the Sixth Circuit Court of appeals. Accordingly, Petitioner's motion (Doc. No. 30) is denied for lack of jurisdiction.

IT IS SO ORDERED.

                                               S/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE